# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Quinton Keith Salley | ) | |
| | ) | |
| Petitioner, | ) | Criminal No.: 2:04-620 |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon Quinton Keith Salley's ("Petitioner") Motion to Reconsider ("Motion") the Court's Order of April 11, 2013 ("April 11 Order"). The Government filed its response in opposition on May 20, 2013. After reviewing the April 11 Order, the Court concludes that Petitioner's Motion must be denied.

## STANDARD OF REVIEW

Reconsideration of a judgment is an extraordinary remedy that should be used sparingly. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). A motion to alter or amend a judgment may be granted for only three reasons: (1) to follow an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Id.* "Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation omitted).

1

**DISCUSSION**

Petitioner's primary argument is that the Court clearly erred in finding that Petitioner was not actually innocent of being a career offender. According to Petitioner, the Court misunderstood the concept of actual innocence as it applies in the context of eligibility for application of the career offender guideline provision. Petitioner contends that under *United States v. Maybeck*, 23 F.3d 888 (4th Cir. 1994), and *United States v. Mikalajunas*, 186 F.3d 490 (4th Cir. 1999), even if a petitioner were guilty of the underlying predicate crimes used to enhance his sentence, he can still be actually innocent of being a career offender under the Sentencing Guidelines and thus entitled to relief under 28 U.S.C. § 2255. The Court finds that *United States v. Pettiford*, 612 F.3d 270 (4th Cir. 2010), expressly rejects Petitioner's argument.

In *Pettiford*, the petitioner argued that because "*Maybeck* stands for the proposition that the actual innocence exception applies to excuse a procedural default whenever a movant is 'innocent' of any sentencing enhancement alleged to be error," he was actually innocent of the armed career criminal enhancement that was erroneously applied to him. 612 F.3d at 283. The Fourth Circuit disagreed and explained that it had "granted relief in *Maybeck* because the defendant clearly showed that he had not committed the crime on which the calculation of his sentence was based." *Id.* at 283-84 (finding that where Maybeck had erroneously informed the probation officer that he had been convicted of armed burglary, a crime of violence under the Sentencing Guidelines—when in fact he had been convicted of attempted third-degree burglary, which is not a crime of violence—"the defendant's sentence was therefore erroneously enhanced by an armed burglary conviction that he simply did not have"). The court distinguished *Maybeck* from the petitioner:

> Pettiford, by contrast, makes no suggestion whatsoever that he did not actually commit the 2001 assault. Rather, he makes the legal argument that this

2

> conviction should not have been classified as a "violent felony" under the ACCA. This argument, even after *Maybeck*, is not cognizable as a claim of actual innocence. *See Mikalajunas*, 186 F.3d at 495 (limiting *Maybeck* to its facts and finding that actual innocence does not extend to non-factual challenges to the application of sentencing enhancements). . . . Under the reasoning of *Maybeck*, actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes.

*Pettiford*, 612 F.3d at 284. The Fourth Circuit held that "under *Maybeck*, actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from actual innocence of the predicate crimes." *Id.* at 284-85 (finding that Pettiford had not demonstrated actual innocence).

Petitioner's arguments are almost indistinguishable from those put forth by the petitioner in *Pettiford*. And just as Pettiford never suggested that he did not actually commit his predicate offense, Petitioner never alleges that he did not actually fail to stop for a blue light on two separate occasions. Instead, Petitioner makes the legal argument that these convictions should not have been classified as violent felonies under the Sentence Guidelines. However, because this "argument, even after *Maybeck*, is not cognizable as a claim of actual innocence," Petitioner has not demonstrated actual innocence. *Id.* at 284; *see United States v. Mikalajunas*, 186 F.3d 490, 494 (4th Cir. 1999) (finding that for a § 2255 petitioner to succeed on actual innocence grounds, the petitioner "must demonstrate actual factual innocence of the offense of conviction, *i.e.*, that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent"). Accordingly, the Court will not reconsider its April 11 Order on the basis of Petitioner's actual innocence argument.

Moreover, the Court will not reconsider its decision to deny a certificate of appealability, as Petitioner has not made "a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2). Finally, the Court finds no reason to reconsider its decision based on Petitioner's broad, unsupported statements that his counsel believes that § 2255 relief was granted in similar cases immediately after the *Begay*,[1] *Chambers*,[2] and *Rivers*[3] decisions. The Court notes that this argument could have been raised prior to the April 11 Order. *See Exxon Shipping Co.*, 554 U.S. at 485 n.5 ("Rule 59(e) . . . may not be used to . . . raise arguments or present evidence that could have been raised prior to the entry of judgment."). Furthermore, Petitioner has not cited any cases to support counsel's memory, and the Court finds no error in its original conclusion that Petitioner's sentence was not open to collateral attack.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Reconsider the April 11 Order is **denied**.

**AND IT IS SO ORDERED.**

                                                                                           _____
                                                                                        PATRICK MICHAEL DUFFY
                                                                                        United States District Judge

May 28, 2013
Charleston, SC

---

[1] *Begay v. United States*, 553 U.S. 137 (2008).
[2] *Chambers v. United States*, 555 U.S. 122 (2009).
[3] *United States v. Rivers*, 595 F.3d 558 (4th Cir. 2010).

4